Wheeleb, J.
This suit is brought upon letters patent No. 48,407, dated June 27, 1865, and issued to Nathaniel Jen *230 kins, for an improvement in self-closing faucets, which is now owned by the orators. The validity of the patent and infringement of it, if valid, are both denied. The patent had been tried in Zane et al. v. D’Este et al., in the district of Massachusetts, and in Zane et al. v. Peck et al., in the district of Connecticut, and sustained in both cases. There is evidence in this case of self-closing faucets made and sold by Frederick H. Bartholomew, at New York, before the patent, and, so far as appears, before the invention, which were not shown in either of these eases, and knowledge of which has not been pleaded in the case. The evidence as to those most material has been taken without objection; and the counsel for the defendants argued that, being so taken, it should be considered as if the knowledge it shows had been pleaded. If showing that knowledge as an anticipation was the only purpose for which the evidence could be received, there would be force to that argument; but the evidence was clearly admissible for the purpose of showing what there was in existence at the time of the invention and patent, in the light of which to construe the patent, and as it could not be excluded if objected to, there was no waiver of the right to have its use restricted to the purpose for which it was admissible, by not objecting to it.
There is nothing in the case proper to be considered for the purpose of showing want of novelty that can defeat the patent for what it properly covers, in view of these pre-existing things.
The evidence shows, and so far it is not seriously questioned, that faucets with valves which were opened by being pulled away from their seats against springs, and which would be closed by the springs when the force used to open them was withdrawn, are well known. Sometimes the valves were lifted from their seats by stems, having projections on the upper ends working against steep inclines, as canes. In the orators’ faucet the valve is pushed downward from its seat against a spring by a steep, quick-threaded screw, turned by hand, with a. swivel to prevent turning the valve with the screw which *231 lets the valve back when the screw is released. The patent is, in one claim, for the screw as a follower, in combination with the valve; in the other, for the combination of the screw follower, swivel, valve and spring. The patent is good for a faucet in which the valve is opened and closed in that manner. In the faucet of the defendants the valve is lifted against a spring by a stem, with projections near the valve working against inclines inside the shell of the faucet.
The counsel for the orators argues that these projections and inclines are the equivalent of a screw, and that the arrangement infringes the first claim of their patent. The screw would work both ways — pull and push — or either. The projections and inclines will only pull, as arranged by the defendants. They are not the equivalent of the screw for pushing the valves open, as the orators make use of it, and as their patent covers it. The defendants do not use a swivel at all. They do not make use of the combination of parts mentioned in either claim, nor of what is the equivalent of the parts, for the same purposes. The same thing that distinguishes the orators’ faucet from some of the prior devices of Bartholomew distinguishes the defendant’s faucet from theirs. No question of infringement was made in Zane et al. v. Peck et al., so far as appears, from the opinion of the court by Shipman, J., and, from what is said there about Zane et al. v. D’Este et al., it is probable that none was made there. Those cases, therefore, furnish no guide as to the question of infringement here. The patent is apparently valid for the particular improvement which Jenkins invented, but the defendants do not infringe it.
Let there be a decree dismissing the orators’ bill of complaint, with costs.